**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MOLLY A. GRINOLDS    )
             )   No. 15-30
  v.

CAROLYN W. COLVIN

## OPINION AND ORDER

### SYNOPSIS

   Plaintiff filed an application for supplemental social security income and disability

benefits, alleging disability due to mental and physical impairments. Plaintiff's claim was

denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals

Council denied her request for review. Before the Court are the parties Cross-Motions for

Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and

Defendant's denied.

### OPINION

### I.  STANDARD OF REVIEW

   Judicial review of the Commissioner's final decisions on disability claims is provided by

statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. <u>See</u> 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to

support an ALJ's findings of fact. <u>Burns v. Barnhart</u>, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

adequate" to support a conclusion. <u>Ventura v. Shalala</u>, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

<u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a <u>de novo</u> review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. <u>Palmer v. Apfel</u>, 995 F.Supp. 549, 552 (E.D. Pa. 1998); <u>S.E.C. v. Chenery Corp.</u>, 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." <u>Brunson v. Astrue</u>, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ failed to deal appropriately with the opinions of consulting examiners Drs. Zelazowksi, Simon, and Rhinehart, all of which the ALJ afforded "significant weight." Plaintiff objects that the ALJ failed to reconcile the opinions, and failed to adopt all of their limitations, despite giving them significant weight.

Dr. Zelazowski noted moderate or marked impairments in understanding, remembering, and carrying out short, simple instructions; marked impairments with respect to detailed instructions, and moderate impairments in making judgments in simple work-related decisions. He also noted marked impairments in interacting appropriately with the public, and with responding appropriately to work pressures in a usual setting, specifically if in a crowded work environment. Absent a crowded work environment, Plaintiff's ability to interact with co-

workers and supervisors, and respond appropriately to changes and pressures, was noted as moderately impaired. In turn, Dr. Simons opined that Plaintiff had only slight impairments in all areas relating to understanding, remembering, and carrying out instructions, but moderate impairments in interacting with the public, supervisors, and co-workers, and responding to workplace pressures and changes. Another consulting examiner, Dr. Rhinehart, opined as to moderate limitations in all areas of social interaction, and either marked or moderate limitations with respect to understanding, remembering, and carrying out instructions. Ultimately, the ALJ arrived at a residual functional capacity ("RFC") of sedentary work, with limitations to one-to-two step instructions, occasional interaction with the public, low production quotas, and may be off task less than five percent of the day.

As Defendant points out, the ALJ is not required to adopt the entirety of a medical source's opinion. "Rather, he could have adopted some opinions and rejected others. But before doing so, he was at least required to explain why the opinions that were inconsistent with his RFC assessment were not adopted." Hawley v. Colvin, 2014 U.S. Dist LEXIS 102925 (W.D. Pa. July 29, 2014). Absent such an explanation, remand may be appropriate. See Lodwick v. Astrue, 2011 U.S. Dist. LEXIS 143102 (D. Kan. 2011) (collecting cases).

Here, the ALJ clearly accepted the various opinions regarding Plaintiff's impairments in interaction with the public, but he failed to address the moderate limitations on interacting with co-workers and supervisors, or explain why he might have rejected such limitations. The public, supervisors, and co-workers are distinct groups, and are separately addressed on the mental RFC forms. Thus, limitations on one type of interaction in the RFC does not account for limitations on the others. In this case, the absence of limitations on supervisors and co-workers is notable, as Dr. Zelazowski's opinion specifically referred to the effect of a "crowded" workplace. The

omissions infect the ALJ's hypothetical to the vocational expert, which did not include a reference to interaction with co-workers or supervisors. See Brown v. Colvin, 2015 U.S. Dist. LEXIS 62052 (W.D. Pa. May 11, 2015); Mitchell v. Colvin, 2015 U.S. Dist. LEXIS 38530 (W.D. Pa. Mar. 26, 2015); Lloyd v. Astrue, 2012 U.S. Dist. LEXIS 146796 (M.D. Fla. 2012). Accordingly, this matter must be remanded so that the ALJ may address whether he rejected this limitation, or, if he failed to consider it, to do so.

## CONCLUSION

In conclusion, this matter will be remanded to the ALJ for further proceedings.   An appropriate Order follows.

## ORDER

AND NOW, this 4th day of September, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED and Defendant's DENIED.  This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/sDonetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court